IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA


AAMCO TRANSMISSIONS, INC. :

        Plaintiff,        :

    v.             : CIVIL ACTION NO. 08-4935

RONALD JOHNSON and    :

DAVID A. LYTLE,        :

        Defendants.      :

## ANSWER OF RONALD A. JOHNSON

    Defendant, Ronald A. Johnson ("Answering Defendant"), answers the

Complaint filed by Plaintiff, AAMCO Transmissions, Inc. ("Plaintiff"), as follows:

## FIRST DEFENSE

1.    Admitted.

2.    Admitted.

3.    Admitted, on information and belief.

4.    Admitted that there is a dispute between the parties over the Franchise

Agreement dated March 26, 2002 ("Franchise Agreement"), as amended, the remainder

of this paragraph is denied.

5.    Plaintiff has failed to aver what the "Center" is and accordingly the

averments of this paragraph are denied.

6.    Plaintiff has failed to aver what the "Center" is and accordingly the

averments of this paragraph are denied.

7.      This is a conclusion of law to which no response is required..

8.      Plaintiff has failed to aver what the "Center" is and accordingly the averments to this paragraph are denied.

9.      Plaintiff has failed to aver what the "Center" is and accordingly the averments to this paragraph are denied.

10.      Admitted.

11.      Admitted that Plaintiff provided training to Answering Defendant, the remainder of this paragraph is denied.

12.      This is a conclusion of law to which no response is required. By way of further response, Plaintiff has failed to aver what the "Center" is and accordingly the averments of this paragraph are denied.

13.      Denied. By way of further response, Plaintiff has failed to aver what the "Center" is and accordingly the averments of this paragraph are denied.

14.      This is a conclusion of law to which no response is required. By way of further response, Plaintiff has failed to aver what the "Center" is and accordingly the averments of this paragraph are denied.

15.      Admitted.

16.      Denied. It is denied that Plaintiff had a proper basis to terminate the Franchise Agreement or that Answering Defendant failed to deal fairly and honestly with customers, or defrauded customers or fraudulently underreported sales to plaintiff. By way of further response, Plaintiff has failed to aver what the "Center" is and accordingly the averments of this paragraph are denied.

17.      This is a conclusion of law to which no response is required.

18.     The Franchise Agreement is a written document, the terms of which speak for themselves.

19.     Admitted that the telephone number for Answering Defendant's business is 702-457-1616. By way of further response, Plaintiff has failed to aver what the "Center" is and accordingly the remainder of this paragraph is denied.

20.     The Franchise Agreement is a written document, the terms of which speak for themselves.

21.     The Franchise Agreement is a written document, the terms of which speak for themselves.

22.     Admitted that Answering Defendant has not transferred the telephone number to Plaintiff, denied that they are under any obligation to do so.

23.     This is a conclusion of law to which no response is required.

24.     Admitted that Answering Defendant currently advertise the telephone number for their business. By way of further response, Plaintiff has failed to aver what the "Center" is and accordingly the remainder of this paragraph is denied.

25.     Admitted that the advertised telephone number for Answering Defendant's business will likely remain in the local Yellow Pages. The remainder of the paragraph is denied. By way of further response, Plaintiff has failed to aver what the "Center" is and accordingly the remainder of this paragraph is denied.

26.     Admitted that Answering Defendant's business displays the signs set out in the exhibit. By way of further response, Plaintiff has failed to aver what the "Center" is and accordingly the remainder of this paragraph is denied.

27.     Denied. By way of further response, this is a conclusion of law to which no response is required.

28.     Denied. Admitted that the advertised telephone number for Answering Defendant's business will likely remain in the local Yellow Pages. By way of further response, Plaintiff has failed to aver what the "Center" is and accordingly the remainder of this paragraph is denied.

29.     Denied.

30.     This is a conclusion of law to which no response is required.

31.     This is a conclusion of law to which no response is required.

32.     This is a conclusion of law to which no response is required.

33.     This is a conclusion of law to which no response is required.

34.     This is a conclusion of law to which no response is required.

35.     Denied.

36.     Denied. By way of further response, this is a conclusion of law to which no response is required.

37.     Denied.

38.     Denied.

39.     Answering Defendant lacks information as to what Plaintiff intends to do, and, accordingly, these averments are denied.

40.     Answering Defendant lacks information as to what facts undisclosed third parties may possess, and, accordingly, these averments are denied.

41.     Denied.

## COUNT I

42.     Answering Defendant incorporates by reference the averments of paragraphs 1 through 41 of his Answer as if fully set forth herein.

43.     Answering Defendant lacks information concerning this averment and, accordingly, it is denied.

44.     Answering Defendant lacks information concerning this averment and, accordingly, it is denied.

45.     Answering Defendant lacks information concerning this averment and, accordingly, it is denied.

46.     Denied that Plaintiff is entitled to any specific performance or any other relief.

## COUNT II

47.     Answering Defendant incorporates by reference the averments of paragraphs 1 through 46 of his Answer as if fully set forth herein.

48.     Denied.

49.     The Franchise Agreement is a written document, the terms of which speak for themselves.

50.     Denied that Plaintiff is entitled to any specific performance or any other relief.

## COUNT III

51.     Answering Defendant incorporates by reference the averments of paragraphs 1 through 50 of his Answer as if fully set forth herein

52.     This is a conclusion of law to which no response is required.

53.     Admitted.

54.     Admitted.

55.     It is denied that the Franchise Agreement was properly terminated or that Plaintiff had any contractual or legal basis for taking the actions that it took regarding Answering Defendant. It is admitted that the Yellow Pages and signage identify Answering Defendant's business as being affiliated with Plaintiff.

56.     This is a conclusion of law to which no response is required.

57.     Admitted.

58.     This is a conclusion of law to which no response is required.

59.     This is a conclusion of law to which no response is required.

60.     Denied. By way of further response, this is a conclusion of law to which no response is required.

61.     Denied. By way of further response, this is a conclusion of law to which no response is required.

62.     Denied. By way of further response, this is a conclusion of law to which no response is required.

63.     Denied that Plaintiff is entitled to an injunction or any other relief.

## COUNT IV

64.     Answering Defendant incorporates by reference the averments of paragraphs 1 through 63 of his Answer as if fully set forth herein

65.     Denied. By way of further response, this is a conclusion of law to which no response is required.

66.     It is denied that the Franchise Agreement was properly terminated or that Plaintiff had any contractual or legal basis for taking the actions that it took regarding Answering Defendant. It is admitted that the Yellow Pages and signage identify Answering Defendant's business as being affiliated with Plaintiff.  By way of further response, Plaintiff has failed to aver what the "Center" is and accordingly the remainder of this paragraph is denied.

67.     Denied. By way of further response, this is a conclusion of law to which no response is required.

68.     Denied. By way of further response, this is a conclusion of law to which no response is required.

69.     Denied. By way of further response, this is a conclusion of law to which no response is required.

## COUNT V

70.     Answering Defendant incorporates by reference the averments of paragraphs 1 through 69 of his Answer as if fully set forth herein

71.     Denied. By way of further response, this is a conclusion of law to which no response is required.

72.     Denied. By way of further response, this is a conclusion of law to which no response is required.

73.     Denied. By way of further response, this is a conclusion of law to which no response is required.

74.     Denied. By way of further response, this is a conclusion of law to which no response is required.

75.     Denied. By way of further response, this is a conclusion of law to which no response is required. By way of further response, it is denied that the Franchise Agreement was properly terminated or that Plaintiff had any contractual or legal basis for taking the actions that it took regarding Answering Defendant.

76.     Denied. By way of further response, this is a conclusion of law to which no response is required.

77.     Denied. By way of further response, this is a conclusion of law to which no response is required.

78.     Denied. By way of further response, this is a conclusion of law to which no response is required.

79.     Denied. By way of further response, this is a conclusion of law to which no response is required.

## COUNT VI

80.     Answering Defendant incorporates by reference the averments of paragraphs 1 through 79 of his Answer as if fully set forth herein

81.     Denied. By way of further response, this is a conclusion of law to which no response is required.

82.     Denied. By way of further response, this is a conclusion of law to which no response is required.

83.     Denied. By way of further response, this is a conclusion of law to which no response is required.

84.     Denied. By way of further response, this is a conclusion of law to which no response is required.

85.     Denied. By way of further response, this is a conclusion of law to which no response is required.

86.     Denied. By way of further response, this is a conclusion of law to which no response is required.

87.     Denied. By way of further response, this is a conclusion of law to which no response is required.

88.     Denied. By way of further response, this is a conclusion of law to which no response is required.

89.     Denied. By way of further response, this is a conclusion of law to which no response is required.

90.     Denied. By way of further response, this is a conclusion of law to which no response is required.

91.     Denied. By way of further response, this is a conclusion of law to which no response is required.

92.     Denied. By way of further response, this is a conclusion of law to which no response is required.

93.     Denied. By way of further response, this is a conclusion of law to which no response is required.

94.     Denied. By way of further response, this is a conclusion of law to which no response is required.

95.     Denied. By way of further response, this is a conclusion of law to which no response is required.

## COUNT VII

96.     Answering Defendant incorporates by reference the averments of paragraphs 1 through 95 of his Answer as if fully set forth herein

97.     Denied. By way of further response, this is a conclusion of law to which no response is required.

98.     Admitted.

99.     Denied. By way of further response, this is a conclusion of law to which no response is required.

100.    Denied. By way of further response, this is a conclusion of law to which no response is required.

101.    Denied. By way of further response, this is a conclusion of law to which no response is required.

102.    Denied. By way of further response, this is a conclusion of law to which no response is required.

103.    Denied. By way of further response, this is a conclusion of law to which no response is required.

## COUNT VIII

104.    Answering Defendant incorporates by reference the averments of paragraphs 1 through 103 of his Answer as if fully set forth herein

105.    Denied. By way of further response, this is a conclusion of law to which no response is required.

106.    Denied. By way of further response, this is a conclusion of law to which no response is required.

107.    Denied. By way of further response, this is a conclusion of law to which no response is required.

108.    Denied. By way of further response, this is a conclusion of law to which no response is required.

109.    Denied. By way of further response, this is a conclusion of law to which no response is required.

110.    Denied. By way of further response, this is a conclusion of law to which no response is required.

111.    Denied. By way of further response, this is a conclusion of law to which no response is required.

112.    Denied. By way of further response, this is a conclusion of law to which no response is required.

113.    Admitted that Answering Defendant has not remitted certain fees to Plaintiff, but it is denied that he has any further obligation to do so.

114.    Denied. By way of further response, this is a conclusion of law to which no response is required.

115.    Denied.

## COUNT IX

116.    Answering Defendant incorporates by reference the averments of paragraphs 1 through 115 of his Answer as if fully set forth herein

117.    Denied. By way of further response, this is a conclusion of law to which no response is required.

118.    Denied. By way of further response, this is a conclusion of law to which no response is required.

119.    Denied. By way of further response, this is a conclusion of law to which no response is required.

120.    Denied.

121.    Denied.

## COUNT X

122.    Answering Defendant incorporates by reference the averments of paragraphs 1 through 121 of his Answer as if fully set forth herein

123.    Denied. By way of further response, this is a conclusion of law to which no response is required.

124.    Admitted.

125.    Admitted.

## SECOND DEFENSE

The Complaint fails to aver the basis for subject matter jurisdiction in this Court.

## THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

The Complaint fails to aver the basis for personal jurisdiction over answering defendant.

## FIFTH DEFENSE

The dispute between the parties is subject to an arbitration agreement.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## SEVENTH DEFENSE

Plaintiff's claims for injunctive relief are barred by its unclean hands.

## EIGHTH DEFENSE

Plaintiff's termination of the franchise agreement lacked any factual basis and plaintiff failed to perform any proper investigation prior to terminating the franchise agreement.

## NINTH DEFENSE

Plaintiff's termination of the franchise agreement was done in bad faith and for an improper basis.

## TENTH DEFENSE

The non-compete provisions in the franchise agreement are overbroad and unenforceable under the circumstances of this case.

## ELEVENTH DEFENSE

Plaintiff's claims for injunctive relief are barred by the doctrine of laches.

WHEREFORE, Answering Defendant, Ronald A. Johnson, requests that the Court enter judgment in his favor and against Plaintiff and deny all relief sought herein by Plaintiff including its request for damages and declaratory and injunctive relief, and instead award Answering Defendant its costs and attorney's fees and any other relief that is just.

## COUNTERCLAIM

1.      Answering Defendant incorporates by reference its Answer to Plaintiff's Complaint.

2.      On or about March 26, 2002, Plaintiff, as Franchisor, and Answering Defendant, as Franchisee, entered into the Franchise Agreement.[1]

3.      In or about June, 2007, David Clingman ("Mr. Clingman") replaced David Lytle as Answering Defendant's co-Franchisee under the Franchise Agreement.

4.      Plaintiff was aware that Mr. Clingman was a former Cottman Transmission franchisee, which is one of Plaintiff's competitors.[2]

5.      In or around February, 2007, Plaintiff began performing lengthier inspections of Answering Defendant's transmission shop and making accusations regarding Answering Defendant's business.

6.      Plaintiff's representatives, including Michael Bakula and a person named "Fred," began accusing Answering Defendant of diverting business from the AAMCO shop to a secondary shop to avoid AAMCO franchise fees.

7.      Plaintiff claimed that Mr. Clingman also was diverting business from Answering Defendant's AAMCO shop.

8.      Answering Defendant repeatedly denied that he had ever diverted business away from his shop and made a diligent investigation of Mr. Clingman to ensure that he was not diverting any business from Answering Defendant's shop.

---

[1] Dennis R. Johnson was identified as a co-Franchisee under the Franchise Agreement. On May 3, 2005, by Amendment to the Franchise Agreement, Dennis R. Johnson withdrew as co-Franchisee and was released from all obligations under the Franchise Agreement. The Franchise Agreement was further modified by another Amendment to Franchise Agreement, also dated May 3, 2005, wherein David Lytle, identified herein as a co-Defendant, was added to the Franchise Agreement as a co-Franchisee.
[2] Mr. Clingman was in no way affiliated with Cottman Transmissions after becoming a partner with Answering Defendant.

9.      Answering Defendant repeatedly asked for any evidence or documentation from Plaintiff showing that business was being diverted from Answering Defendant's business.

10.     If it was shown from such evidence or documentation that Mr. Clingman was diverting any business, Answering Defendant assured Plaintiff that he would also take appropriate action against Mr. Clingman.

11.     Notwithstanding Answering Defendant's repeated requests, Plaintiff never provided any evidence or documentation of any diverted business.

12.     Answering Defendant provided Plaintiff and Plaintiff's representatives with complete and total access to Answering Defendant's computers and the ability to electronically transfer weekly business reports to Plaintiff.

13.     Mr. Clingman also provided Plaintiff and Plaintiff's representatives with access to his independent transmission shop and computers to download all of his repair orders so any of those customers could be contacted to determine whether they were diverted from Answering Defendant's shop.

14.     Notwithstanding, Plaintiff's accusations and inspections continued through March and April, 2008.  Plaintiff was aware that Answering Defendant's wife was ill and eventually passed away on April 30, 2008, but nonetheless continued to harass and threaten Answering Defendant with false accusations and termination.

15.     In April 2008, Plaintiff unilaterally removed Answering Defendant's business location from the Yellow Pages ad for the Las Vegas area.  Plaintiff also sought to transfer Plaintiff's telephone numbers into its own name without Answering Defendant's consent or knowledge.

16.     Despite the fact that the Franchise Agreement was in full force and effect, Answering Defendant was effectively barred from advertising as an AAMCO dealer without any notice by Plaintiff.

17.     During this entire time, Answering Defendant repeatedly requested any type of proof or documentation from Plaintiff to support Plaintiff's claims.

18.     In May, 2008, Answering Defendant's business was given a "B" rating by Plaintiff.

19.     In May and June, 2008, Plaintiff performed an investigation of the allegations and Answering Defendant was advised that the investigation was concluded in June 2008.

20.     On or about June 26, 2008 Plaintiff arranged a conference call with Answering Defendant and Mr. Clingman, which was conducted by Plaintiff's representative, Jim Goniea.

21.     During this conference call, Plaintiff again leveled accusations against Mr. Clingman with regard to fraud and conversion of Plaintiff's customers and diversion of those customers to Mr. Clingman's independent shop.  Jim Goniea also stated at the conclusion of the conference call that Mr. Clingman "needs to get a toothbrush because he's going to jail."

22.     After concluding their allegations, Plaintiff refused to let Answering Defendant or Mr. Clingman to address any of Plaintiff's accusations or to show Answering Defendant any documentation or evidence in support of such allegations.

23.     Plaintiff further advised Answering Defendant that Plaintiff was in negotiations with Russ Daines to acquire Answering Defendant's business, that Plaintiff

was in negotiations with David Angel to immediately take over management of

Answering Defendant's business and that Plaintiff had been in contact with Answering

Defendants lessor regarding renegotiation of Answering Defendant's lease in favor of a

new business owner.

24.     All of the above were conducted with the consent or knowledge of

Answering Defendant and while the Franchise Agreement was in full force and effect.

25.     On or about August 27, 2008, Plaintiff terminated the Franchise

Agreement allegedly based upon Answering Defendant's "breach of section 5.2 of the

Franchise Agreement, for failure to deal fairly and honestly with customers and with

[AAMCO]." See Exhibit "B" to Plaintiff's Complaint.

26.     Despite the fact that Plaintiff terminated the Franchise Agreement based

on allegations of fraud, Plaintiff has never provided Answering Defendant with one iota

of evidence supporting such claims and Plaintiff's Complaint is also devoid of any such

evidence or even simple factual support of its completely fabricated claims.

## COUNT I

### Breach of Franchise Agreement - Wrongful Termination

27.     Answering Defendant incorporates by reference his Answer to Plaintiff's

Complaint and Paragraphs 1-26 of the Counterclaim as though set forth at length herein.

28.     By virtue of the allegations as set forth above, Plaintiff has breached the

Franchise Agreement by wrongfully terminating the Franchise Agreement without basis

in fact or law.

29.     Answering Defendant and Answering Defendant's business have been

severely damaged by Plaintiff's breach of the Franchise Agreement.

30.     Answering Defendant has fulfilled all of its obligations under the Franchise Agreement.

31.     Plaintiff continues to unilaterally interfere with Answering Defendant's contracts with third parties, Answering Defendant's customers and the operation of Answering Defendant's business and welfare.

WHEREFORE, Answering Defendant, Ronald A. Johnson, requests that the Court enter judgment in his favor and against Plaintiff and deny all relief sought in the Complaint by Plaintiff including its request for damages and declaratory and injunctive relief, and instead award Answering Defendant damages in excess of One Hundred Thousand Dollars ($100,000), together with costs and attorney's fees and any other relief that is just.

## COUNT II

### Unfair Competition

32.     Answering Defendant incorporates by reference his Answer to Plaintiff's Complaint and Paragraphs 1-31 of the Counterclaim as though set forth at length herein.

33.     By virtue of the allegations as set forth above, Plaintiff has wrongfully terminated the Franchise Agreement without basis in fact or law and has knowingly, wrongfully and without justification, interfered with and harmed Answering Defendant's business.

34.     Plaintiff has harassed and interfered with Answering Defendant's contracts with third parties, including its customers.

35.     Plaintiff has attempted to intentionally make it impossible for Answering Defendant to conduct its business under the Franchise Agreement.

36.     Plaintiff has leveled accusations at Answering Defendant and Answering Defendant's employees or agents without reason or justification.

37.     Plaintiff's above-described actions constitute improper, unfair and unlawful competition.

38.     Answering Defendant has and continues to suffer irreparable harm in the form of loss of goodwill, loss of business and confusion to Answering Defendant's prospective and existing customers.

WHEREFORE, Answering Defendant, Ronald A. Johnson, requests that the Court enter judgment in his favor and against Plaintiff and deny all relief sought in the Complaint by Plaintiff including its request for damages and declaratory and injunctive relief, and instead award Answering Defendant damages in excess of One Hundred Thousand Dollars ($100,000), together with costs and attorney's fees and any other relief that is just.

## COUNT III

### Breach of Franchise Agreement - Costs and Attorneys Fees

39.     Answering Defendant incorporates by reference his Answer to Plaintiff's Complaint and Paragraphs 1-38 of the Counterclaim as though set forth at length herein.

40.     Pursuant to Section 21.5 of the Franchise Agreement, Plaintiff has agreed to pay all costs incurred by Answering Defendant in enforcement of the Franchise Agreement, including court costs, attorney's fees and legal expenses.

41.     Answering Defendant has incurred and continues to incur attorneys' fees and litigation expenses in the course of this action.

WHEREFORE, Answering Defendant, Ronald A. Johnson, requests that the Court enter judgment in his favor and against Plaintiff and deny all relief sought in the Complaint by Plaintiff including its request for damages and declaratory and injunctive relief, and instead award Answering Defendant costs and attorney's fees and any other relief sought above or that is just.

Respectfully submitted.

ZARWIN, BAUM, DeVITO, KAPLAN
SCHAER & TODDY, PC


_____/s/_____
David F. McComb - PA  Id. No. 35754
Ryan D. Harmon – PA Id. No. 91665
1515 Market Street, 12th Floor
Philadelphia, PA  19102
T - (215) 569-2800
F - (215) 569-1606

## CERTIFICATE OF SERVICE

I, David F. McComb, hereby certify that I today served a copy of the foregoing

Defendant's Answer and Counterclaim and Response to Plaintiff's Motion for a

Preliminary Injunction by making it available for viewing by all registered users of the

Court's ECF system, including the following:

Alan L. Poliner, Esq.
201 Gibralter Road, Suite 100
Horsham, PA

Attorney for Plaintiff

_____/s/_____
DAVID F. McCOMB