**AAMCO TRANSMISSIONS, INC.**
**WILLIAM B. JAMESON, ESQUIRE**                    **Attorneys for Plaintiff**
**ALAN L. POLINER, ESQUIRE**
**Attorney I.D. No.s 58949/82108**
**201 Gibraltar Road, Suite 100**
**Horsham, PA 19044**
**(215) 643-5885**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CIVIL ACTION

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, INC. | : | |
| Plaintiff, | : | |
| v. | : | No.   08-CV-04935-JCJ |
| RONALD A. JOHNSON | : | |
| and | : | |
| DAVID A. LYTLE | : | |
| Defendants. | : | |

### ANSWER TO COUNTERCLAIM OF DEFENDANT JOHNSON

Plaintiff, AAMCO Transmissions, Inc. ("ATI"), by and through its undersigned counsel,

hereby submits its Answer to the Counterclaim of Defendant Ronald A. Johnson ("Johnson"), as

follows:

1.      No response required.

2.      Admitted.

3.      Denied as a conclusion of law to which no response is required.  To the extent a response

it required, it is denied.  The Franchise Agreement contains a restriction on change of ownership,

which cannot be done without the written consent of ATI.  ATI has not done so.

4.      Admitted in part, denied in part.  It is admitted that Mr. Clingman was a former Cottman

Transmission franchisee.  The remainder of this paragraph is denied.

5.      Admitted in part, denied in part.  It is admitted that ATI performed inspections of the

Center in accordance with the Franchise Agreement.  It is denied that ATI made accusations

against Johnson.

6.      Admitted in part, denied in part.  It is admitted that ATI had informed Defendant Johnson

of the fraudulent activity that had been discovered at his Center.  ATI denies the characterization

as an "accusation."  ATI is unsure of who Defendant is referring to as "Fred".  Defendant may be

referring to Fred Chastain.  As to Mr. Chastain, it is denied that he made accusations that

Defendants were diverting business.

7.      Admitted.  Despite whatever affiliation Defendant Johnson claims Mr. Clingman has

with his business, he is not a franchisee of ATI.  Defendants, as franchisees, are responsible for

the operation of the Center and compliance with the Franchise Agreement, including acts by

employees, managers, or other business associates.

8.      Denied.  ATI is without knowledge or information as to any "diligent investigation" by

Defendant Johnson, and therefore denies same.  Despite whatever affiliation Defendant Johnson

claims Mr. Clingman has with his business, he is not a franchisee of ATI.  Defendants, as

franchisees, are responsible for the operation of the Center and compliance with the Franchise

Agreement, including acts by employees, managers, or other business associates.

9.      Denied.  Defendant Johnson did not repeatedly ask for documentation from ATI

concerning the diversion of business.  To the contrary, Defendant Johnson was aware of the

diversion of business and admitted same to ATI during a conference call.

10.     Denied.  Defendant Johnson did not repeatedly ask for documentation from ATI

concerning the diversion of business.  To the contrary, Defendant Johnson was aware of the

diversion of business and admitted same to ATI during a conference call.

11.     Denied.  An ATI representative showed Defendant Johnson a receipt book full of non-

AAMCO receipts which was discovered as being used at the Center.

12.     Admitted in part, denied in part.  It is admitted that ATI was given limited access to Defendants' computers during inspections.  It is denied that such access was complete or total. ATI was only permitted to look at the FOCUS program.  Defendants were required to submit weekly business reports to ATI electronically.  Such a transfer is not "access" to Defendants' computers.  The remainder of this paragraph is denied.

13.     Admitted in part, denied in part.  It is admitted that ATI was given limited access to Clingman's independent shop.  It is denied that such access was complete or total.  The remainder of this paragraph is denied.

14.     Admitted in part, denied in part.  It is admitted that ATI performed inspections in accordance with the Franchise Agreement.  The remainder of this paragraph is denied.

15.     Denied.  Defendants Center was advertised in the Yellow Pages that was issued on January 1, 2008.  As to the telephone numbers, ATI sought to transfer the telephone numbers only after the Franchise Agreement was terminated.  Pursuant to Section 19.1 of the Franchise Agreement, after termination, Defendants are required to transfer the telephone numbers for the Center to ATI.  Defendants did not do so.  If the telephone numbers are not transferred to ATI, ATI has power-of-attorney under the Franchise Agreement to arrange such a transfer. Defendants gave consent by signing the Franchise Agreement.

16.     Denied.  Defendants were members of the Las Vegas, Nevada SMSA AAMCO Dealers Association ("Ad Pool").  The Ad Pool is responsible for collecting weekly assessments and placing local advertising in the Las Vegas Market.  Defendants were the beneficiaries of all electronic media advertising placed by the Ad Pool.  The Ad Pool has its own rules as to reducing advertising for members that are delinquent in payment of the weekly assessments.

17.     Denied. Defendant Johnson did not repeatedly ask for documentation from ATI concerning the diversion of business. To the contrary, Defendant Johnson was aware of the diversion of business and admitted same to ATI during a conference call.

18.     Denied. It is denied that ATI uses a letter grade system for franchisees. It is denied that Defendants' Center was given a "B" rating.

19.     Admitted in part, denied in part. ATI does not know what Defendant Johnson is referring to by "Plaintiff performed an investigation of the allegations" and therefore denies same. It is admitted that ATI performed inspections of the Center in accordance with the Franchise Agreement. The remainder of this paragraph is denied.

20.     Admitted in part. Also on the conference call was Mike Pekula of ATI.

21.     Admitted in part, denied in part. It is admitted that this conference call took place. During this conference call, Defendant Johnson admitted he was aware of the diversion of business. Defendant Johnson also admitted that the AAMCO Transmission Center and Clingman's businesses were intermingled. The remainder of this paragraph is denied.

22.     Denied. It is denied that ATI refused to let Defendant Johnson or Clingman explain. To the contrary, Defendant Johnson was aware of the diversion of business and admitted same to ATI during this conference call. Defendant Johnson also admitted that the AAMCO Transmission Center and Clingman's businesses were intermingled. The remainder of this paragraph is denied.

23.     Denied. It was Defendant Johnson who advised ATI that he was attempting to sell his business to Russ Daines. It was Defendant Johnson who advised Plaintiff that he sought David Angel to take over management of the Center. It is denied that ATI had been in contact with the landlord of the Center regarding lease renegotiation in favor of a new business owner.

4

24.     Denied as a conclusion of law to which no response is required. To the extent a response is required, it is denied.

25.     Admitted.

26.     Denied. Defendant Johnson did not repeatedly ask for documentation from ATI concerning the diversion of business. To the contrary, Defendant Johnson was aware of the diversion of business and admitted same to ATI during a conference call.

## COUNT I

27.     Plaintiff incorporates paragraphs 1 through 26 above as though set forth at length herein.

28.     Denied as a conclusion of law to which no response is required. To the extent a response is required, ATI denies it breached the Franchise Agreement. ATI properly terminated the Franchise Agreement pursuant to its terms.

29.     Denied as a conclusion of law to which no response is required. To the extent a response is required, ATI denies it breached the Franchise Agreement. To the contrary, Defendants' business continues to operate under the AAMCO name and trademark, with the benefit of ATI's goodwill, while at the same time not paying franchisee fees and advertising fees. ATI properly terminated the Franchise Agreement pursuant to its terms.

30.     Denied as a conclusion of law to which no response is required. To the extent a response is required, it is denied. Defendants breached the Franchise Agreement as described in the Complaint.

31.     Denied as a conclusion of law to which no response is required. To the extent a response is required, it is denied.

WHEREFORE, Plaintiff AAMCO Transmissions, Inc. demands judgment in its favor, and against Defendant Johnson, and deny all relief sought by Defendant Johnson, and instead award Plaintiff its costs and attorney's fees, and any other relief that is just.

## COUNT II

32.  Plaintiff incorporates paragraphs 1 through 31 above as though set forth at length herein.

33.  Denied as a conclusion of law to which no response is required.  To the extent a response is required, it is denied.

34.  Denied as a conclusion of law to which no response is required.  To the extent a response is required, it is denied.

35.  Denied as a conclusion of law to which no response is required.  To the extent a response is required, it is denied.

36.  Denied as a conclusion of law to which no response is required.  To the extent a response is required, it is denied.

37.  Denied as a conclusion of law to which no response is required.  To the extent a response is required, it is denied.

38.  Denied as a conclusion of law to which no response is required.  To the extent a response is required, it is denied.

WHEREFORE, Plaintiff AAMCO Transmissions, Inc. demands judgment in its favor, and against Defendant Johnson, and deny all relief sought by Defendant Johnson, and instead award Plaintiff its costs and attorney's fees, and any other relief that is just.

## COUNT III

39.  Plaintiff incorporates paragraphs 1 through 38 above as though set forth at length herein.

40.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, the Franchise Agreement is a document which speaks for itself.

41.     Denied.  ATI is without knowledge or information as the allegations in this paragraph, and therefore denies same.

WHEREFORE, Plaintiff AAMCO Transmissions, Inc. demands judgment in its favor, and against Defendant Johnson, and deny all relief sought by Defendant Johnson, and instead award Plaintiff its costs and attorney's fees, and any other relief that is just.

## AFFIRMATIVE DEFENSES

42.     Defendant Johnson's counterclaims fail to state a claim for which relief may be granted.

43.     Defendant Johnson's counterclaims are barred by waiver and estoppel.

44.     Defendant Johnson's counterclaims are barred by fraud.

45.     Defendant Johnson's counterclaims are barred by license.

46.     Defendant Johnson's counterclaims are barred by laches.

47.     Defendant Johnson's counterclaims are barred by release.

WHEREFORE, Plaintiff AAMCO Transmissions, Inc. demands judgment in its favor, and against Defendant Johnson, and deny all relief sought by Defendant Johnson, and instead award Plaintiff its costs and attorney's fees, and any other relief that is just.

Respectfully Submitted,

12/1/08
DATE

William B. Jameson, Esquire
Alan L. Poliner, Esquire
Attorneys for Plaintiff
AAMCO Transmissions, Inc.
201 Gibraltar Road, Suite 100
Horsham, PA 19044
(215) 643-5885

7

**AAMCO TRANSMISSIONS, INC.**
**WILLIAM B. JAMESON, ESQUIRE**                        **Attorneys for Plaintiff**
**ALAN L. POLINER, ESQUIRE**
**Attorney I.D. No.s 58949/82108**
**201 Gibraltar Road, Suite 100**
**Horsham, PA 19044**
**(215) 643-5885**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### CIVIL ACTION

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, INC. | : | |
| Plaintiff, | : | |
| v. | : | No.    08-CV-04935-JCJ |
| RONALD A. JOHNSON | : | |
| and | : | |
| DAVID A. LYTLE | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

Alan L. Poliner, hereby certifies that he did serve on this __/__ day of December, 2008, the

attached Answer To Counterclaim Of Defendant Johnson, via U.S. Regular Mail, postage

prepaid to the following counsel/parties:

David F. McComb, Esq.
Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy, PC
1515 Market Street – 12th Floor
Philadelphia, PA 19102

David Lytle, ID #1001746
Lovelock Correctional Center
1200 Prison Road
Lovelock, Nevada  89419

12/1/08
DATE

William B. Jameson, Esquire
Alan L. Poliner, Esquire
Attorneys for Plaintiff
AAMCO Transmissions, Inc.
201 Gibraltar Road, Suite 150
Horsham, PA 19044
(215) 643-5885