```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


AAMCO TRANSMISSION INC.,            :
                                    :
            Plaintiff,              :   CIVIL ACTION
                                    :
      vs.                           :   No. 08-cv-4935
                                    :
RONALD JOHNSON and                  :
DAVID A. LYTLE,                     :
                                    :
            Defendants.             :
```

### MEMORANDUM and ORDER

**Joyner, J.**                                              **July 23, 2009**

Before the Court is a Motion to Transfer Venue by Defendant, David A. Lytle ("Defendant Lytle"), for transfer of his cross-claim against Defendant, Ronald A. Johnson ("Defendant Johnson")(Doc. No. 38), and Defendant Johnson's Response in Opposition (Doc. No. 42).

### BACKGROUND

On December 16, 2008, Plaintiff Aamco Transmissions, Inc. ("Aamco") filed a Complaint against Defendants Johnson and Lytle for breach of a franchise agreement that involved a franchise owned and operated by Defendants in the state of Nevada. Aamco is a Pennsylvania corporation with its principle place of business in Pennsylvania. Defendant Johnson is a citizen of the State of Utah, while Defendant Lytle is a citizen of the State of Nevada. Parties were diverse pursuant to 28 U.S.C. § 1332, and jurisdiction was

1

proper in the Eastern District of Pennsylvania because Aamco is a Pennsylvania corporation and Defendants Lytle and Johnson entered into a franchise agreement with Aamco and were directed by Aamco from Pennsylvania.

During the pendency of Plaintiff's Complaint, Defendant Lytle filed a cross-claim against Defendant Johnson, alleging fraudulent conversion, conspiracy to commit fraud and defamation.  Aamco subsequently dropped all claims against Defendant Lytle and claims against Defendant Johnson were dismissed by stipulation of settlement.  Thus, the sole matter remaining for consideration by this Court is Defendant Lytle's cross-claim against Defendant Johnson.  Defendant Johnson has requested that the remaining cross-claim against him be dismissed pursuant to 28 U.S.C. § 1367(c)(3).  Defendant Lytle submitted a letter on June 8, 2009, arguing that dismissal of his claims at this stage would result in the running of the statute of limitations.  He requested that either the Court retain jurisdiction, or that the action be transferred to the District of Nevada or the District of Utah.  This Court construed pro se Defendant Lytle's letter as a Motion to Transfer Venue for the

convenience of the parties.  Accordingly, the Court gave Defendant Johnson leave to respond.[1]

## STANDARD OF REVIEW

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."  Once it has been established that another forum would be proper, the defendant bears the burden of showing, on the balance of identified public and private factors, the considerations weigh "strongly" in favor of transfer.  Gulf Oil v. Gilbert, 55 U.S. 501, 508, 67 S.Ct. 839, 843 (1947).  The complete list of private factors set forth in Gulf Oil were further articulated by the Third Circuit in Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995), and include:

> [T]he plaintiff's forum preferences; Defendant's preferences; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial conditions; the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records.

---

[1] Sandt v. Luke, No. 03-4379, 2004 U.S. Dist. LEXIS 22295, at *5, 2004 WL 2782233, at *2 (E.D. Pa. Nov. 2, 2004) ("[I]t has been suggested by other courts within [the Eastern District of Pennsylvania] that, when no motion has been made to transfer an action to the appropriate venue, the court may transfer the case in the absence of such a motion, but ought to provide the parties with an opportunity to brief the transfer issue.") (citations omitted).  Though the instant case is not being transferred *sua sponte*, because Defendant Lytle's Request was construed as a Motion to Transfer Venue, the same principles apply and this Court provided Defendant Johnson with an opportunity to brief the issue.

Id.  Named public factors include:

> Enforceability of judgment; practical considerations that could make the trial easy, expeditious or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of trial judges with the state law for diversity cases.

Id.  Within this framework, courts have given great deference to the plaintiff's choice of forum.  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255, 102 S. Ct. 252 (1981); Kielczvnski v. Consolidated Rail Corp., 837 F. Supp. 687, 689 (E.D. Pa. 1993).  Notably, however, when a plaintiff has not brought suit in his home forum and the cause of action did not occur in the forum, the choice is given less weight.  Piper Aircraft Co., 454 U.S. at 255-56; Kielczvnski, 837 F. Supp. at 689.

## DISCUSSION

Defendant Johnson argues that Defendant Lytle's cross-claim should be dismissed pursuant to 28 U.S.C. § 1367(c)(3) because the parties have settled all claims over which the Court has original jurisdiction.  Defendant Lytle submits that dismissal of his cross-claim would be inappropriate, as it would result in a running of the statute of limitations upon his cross-claim.  He instead requests that the case be transferred to the District of Nevada, where he is currently

4

incarcerated and where the franchise from which his claims arose is operated, or to the District of Utah, where Defendant Johnson currently resides.  As it appears that Defendants are diverse parties pursuant to 28 U.S.C. § 1332 (i.e., Defendant Lytle is a citizen of Nevada, while Defendant Johnson is a citizen of Utah), and the amount in controversy exceeds $75,000[2], this Court has original subject matter jurisdiction over these claims standing alone.  Accordingly, we believe that it would be inappropriate to dismiss under § 1367(c)(3) and we instead consider the matter pursuant to § 1404(a).

As noted under Jumara, the private interest factors that must be considered under the § 1404(a) analysis are: (1) the plaintiff's forum preference, (2) the defendant's forum preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties as indicated by their relative physical and financial conditions, (5) the convenience of the witnesses, and (6) the location of books and records.  Jumara, 55 F.3d at 879.  We perform our

---

[2]  In his Response to Lytle's Motion to Transfer Venue, Defendant Johnson asserts that the amount in controversy "falls wells below the $75,000 required for diversity jurisdiction."  In his cross-claim, however, Defendant Lytle requested relief in the amount of $90,000, which clearly exceeds the minimum requirement under 28 U.S.C. § 1332.  Because Defendant Lytle has alleged that the amount in controversy exceeds $75,000 in his Cross Claim Complaint, it appears that his cross-claim meets the requirements for diversity jurisdiction under § 1332.

5

analysis of Defendant Lytle's request for transfer viewing him as the plaintiff and Defendant Johnson as the defendant.

As required by the first private interest factor, Defendant Lytle has expressed a preference for transfer of venue to either the District of Utah or the District of Nevada.  Alternatively, he has requested that the case remain in this Court.  Defendant Johnson has not expressed a forum preference, as he prefers that the cross-claim be dismissed entirely, thus eliminating the necessity to weigh the second private interest factor.  Thirdly, the claim arose out of actions that took place in Nevada.  Fourth, as Defendant Lytle is currently incarcerated in Nevada state prison, and is acting pro se, it may be physically and/or financially difficult for him to represent himself in Pennsylvania.  Finally, upon consideration of private interest factors five and six, the franchise that Defendants ran in partnership was operated in Nevada, and it would be easier to access books, records and witnesses if the case were to proceed in Nevada.  Thus, on balance, Nevada appears to be a more appropriate forum based on the private interest factors.

We next consider, the relevant public interest factors: (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious

6

or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora and (6) the familiarity of trial judges with the state law for diversity cases. Jumara, 55 F.3d at 879.

    First, in accordance with the second public interest factor, it would be easier and more expeditious to transfer the case to Nevada or Utah because the case involves parties that reside within these fora.  In particular, Nevada is a more appropriate forum because Defendant Lytle is incarcerated there and Defendant Johnson operates a business there, and, therefore, it would be easier for the District Court in Nevada to move the suit forward.  Likewise, as Defendant Lytle has alleged claims that arise under state law relating to events that occurred in Nevada, Nevada judges would be equipped to evaluate the claims in accordance with the sixth public interest factor. Furthermore, pursuant to the fifth public interest factor, Nevada has a greater interest in the controversy than either Utah or Pennsylvania because the franchise was operated in Nevada, Mr. Lytle's claims arose out of Nevada, and both parties have transacted in that state.  As the judgment would be enforceable in any of the three districts and there

are no known administrative issues or problems of court congestion in Pennsylvania, Nevada or Utah, these factors do not weigh in favor of one forum or another.  Therefore, evaluation of the public interest factors also weigh heavily in favor of transfer to the District of Nevada, which would be a more appropriate forum than the Eastern District of Pennsylvania given the location of the remaining parties and the nature of the claims raised.

    An Order follows.